UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN J. DUERST,<br><br>  Plaintiff,<br><br>  v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF PLACER,<br><br>  Defendant. | No. 2:18-cv-02869 TLN AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 4) will therefore be granted.

**I. Screening**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

1

baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

A. The Complaint

Plaintiff brings suit against defendant Superior Court of California County of Placer. ECF No. 1 at 1. Plaintiff seeks relief from judgment under Federal Rule of Civil Procedure 60(b). Id. at 4. Plaintiff asks the court to void orders made by various judges and commissioners from the California Superior Court of Placer County regarding his child support payments, alleging the orders were issued without jurisdiction. Id. at 7.

B. <u>Analysis</u>

The court must dismiss this case for two fundamental reasons: (1) it seeks relief from a defendant who is immune from such relief, and (2) it fails to state a claim upon which relief may be granted. The only named defendant in this case is the Superior Court of California County of Placer. To the extent plaintiff intends to sue the court that employed the judges that adjudicated his child support proceedings, a court cannot be civilly liable for the actions of its judges under any theory of which this court is aware. To the extent plaintiff intends to sue the California State judiciary or any of its departments or officers, the Eleventh Amendment would bar the claims. See <u>Simmons v. Sacramento County Superior Court,</u> 318 F.3d 1156, 1161 (9th Cir. 2003).

This court is also prohibited from hearing plaintiff's case, which on its face is an attempt to appeal final orders from a state court, by the Rooker–Feldman doctrine. See <u>Dist. of Columbia Ct. of Appeals v. Feldman</u>, 460 U.S. 462, 483 n. 16 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 416 (1923). The Rooker–Feldman doctrine "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." <u>Carmona v. Carmona</u>, 603 F.3d 1041, 1050–51 (9th Cir. 2010); see <u>Dubinka v. Judges of Sup. Ct.</u>, 23 F.3d 218, 221 (9th Cir. 1994) ("Federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions.").

The Rooker–Feldman doctrine prevents federal court from considering "a direct appeal from the final judgment of a state court," <u>Noel v. Hall</u>, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." <u>Reusser v. Wachovia Bank, N.A.</u>, 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal' forbidden by Rooker–Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" <u>Carmona</u>, 603 F.3d at 1050 (quoting <u>Noel</u>, 341 F.3d at 1164). Because plaintiff's case challenges the substance of state court orders, it constitute a de facto appeal of those orders and the Rooker-Feldman doctrine bars this court from considering the case.

3

Finally, the Federal Rule of Civil Procedure under which plaintiff seeks relief does not confer jurisdiction on this court; it is not a substantive federal law that creates a right to sue but a procedural rule of practice. Rule 60(b) does not allow a federal court to vacate a state court judgment; it allows a federal court to vacate its own judgment in the same federal case. See Cathey v. Brown, No. 2:18-cv-00386-JAM-AC-PS, 2018 WL 3218444, at *5 (E.D. Cal. July 2, 2018)("To the extent that plaintiff's request might be construed as a motion for relief from judgment under Rule 60(b), such a motion must be brought in the closed case."). Plaintiff's reference to Rule 60(b) neither establishes jurisdiction nor states a claim on which relief can be granted.

These are not defects that can be cured by amendment, and leave to amend need not be granted where it would be futile. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). Accordingly, the complaint must be dismissed without leave to amend.

## II. Conclusion

Accordingly, the undersigned recommends that plaintiff's request to proceed in forma pauperis (ECF No. 4) be GRANTED but that the complaint (ECF No. 1) be DISMISSED with prejudice because it fails to state a claim upon which relief can be granted and because it brings claims against an immune defendant.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: November 30, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE